IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ALLEN W. BIRD II, | ) | |
| | ) | CASE NO. 4:12-bk-16634 |
| Debtor(s). | ) | AP NO. 4:13-ap-1021 |
| LARRY SHAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLEN W. BIRD II, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

  This Motion for Summary Judgment, Fil. #23, filed by plaintiff Larry Shaffer, comes in this adversary proceeding which has been brought under 11 U.S.C. § 523(a)(4), to except from discharge debts arising from fraud as a fiduciary, and § 523(a)(2), to except from discharge debts arising from false pretenses, false representation or actual fraud. J. Brad Moore and Frederick S. Wetzel represent the debtor, and Wendy R. Howerton represents the plaintiff. Evidence and briefs were filed, and the matter was taken under advisement without a hearing.

I.  BACKGROUND

  Long before this bankruptcy case was filed, the debtor served as the Chapter 11 trustee for the NWFX, Inc., Northwest Financial Express, Inc., and Gold Financial Express, Inc., bankruptcy estates (collectively, "NWFX"). His handling of the estates was called into question by NWFX's owner, and the bankruptcy court ultimately determined that Bird violated his fiduciary duty to the estates and committed fraud upon the estates and the court by overpaying himself and his law firm. The underlying details of this decision can be found at 267 B.R. 118 (Bankr. W.D. Ark. 2001). A judgment was subsequently entered against Bird for $199,979.26 plus interest at the legal rate from June 22, 2001.

  The judgment creditor eventually instituted collection proceedings in Arkansas state court, which were stayed when Bird filed a Chapter 11 bankruptcy petition on November 14, 2012. The judgment creditor then filed this lawsuit to except the debt from discharge under 11 U.S.C. §§ 523(a)(2) and (a)(4), because an individual Chapter 11 debtor may not discharge a debt that is excepted from discharge under § 523. 11 U.S.C. § 1141(d)(2). The creditor now moves for summary judgment on the basis that no genuine issue of material fact exists to bar entry of judgment as a matter of law.

  Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); <u>see, e.g.</u>, <u>Celotex Corp. v.</u>

Entered On Docket: 01/07/2014

Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1078–79 (8th Cir. 2008). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

## II. FACTUAL FINDINGS

This court adopts Plaintiff's Statement of Undisputed Material Facts, contained in Fil. #25:

1. The judgment debt in controversy in this proceeding arose from a bankruptcy proceeding that is recorded in the opinion of *In re NWFX, Inc.,* 267 B.R. 118 (Bankr. W.D. Ark. 2001), and the opinion and factual findings therein are incorporated as if set out word for word herein and considered a part of the undisputed facts.

2. Bird served as trustee for the debtor corporations in the matter of *In re NWFX, Inc.,* from August 12, 1986, to July 2, 2001. The litigation which culminated in the judgment consisted of a 10-day hearing, compiling a transcript of more than 2,000 pages and twelve (12) volumes of exhibits. 267 B.R. at 131.

3. The bankruptcy court found that Bird breached his fiduciary duties as trustee in the administration of the debtor corporations' estates, and committed fraud upon the debtor corporations' estates and the court by making application for, and receiving, duplicate payment of fees and payment of fees without court authorization. *Id.* at 221.

4. On June 22, 2001, the United States Bankruptcy Court for the Western District of Arkansas entered an order wherein the court stated:

> The Court will disgorge Bird's trustee's fee in the Debtor Corporations' cases pursuant to 11 U.S.C. § 326 in its entirety because of his performance in committing fraud upon the Debtor Corporations' estates and the Court. Bird is ordered to pay back to the Debtor Corporations' estate the sum of $199,979.26 for interim trustee fees paid. However, the Court will not disgorge Bird's fee of $41,527.00 paid to him by various state regulators for services rendered by him in handling and distributing the state regulators' money order claims pursuant to agreements made between Bird and the various state regulators. Bird's fee was paid from surety bond proceeds owned by the various states, and not from proceeds of the Debtor Corporations' estates.

*Id.* at 255.

5. In a supplement to the June 22, 2001, order, the court stated:

> IT IS ORDERED that Allen W. Bird, II trustee's fee in the amount of $228,177.17 be disgorged in its entirety. Bird is entitled to retain $41,527.00 in fees derived from services he performed for various state regulators and paid out of state surety bond proceeds. Bird has earned 11 U.S.C. § 326 trustee fees in the amount of $228,177.17, and has been paid adjusted interim trustee fees in the amount of $199,979,26. Bird shall reimburse the Debtor Corporations' estates the sum of $199,979.26, and a judgment is hereby entered in favor of the Debtor Corporations' estates against Allen W. Bird, II in the amount of $199,979.26.

*Id.* at 259.

6. The court's findings that led to the June 22, 2001, order for reimbursement and the corresponding judgment included the following:

> . . . Bird, as trustee, breached his fiduciary duty in the performance of his position as trustee of the Debtor Corporations' estates and committed fraud upon the Debtor Corporations' estates and the Court by making application on June 25, 1992, obtaining an order on July 27, 1992, and receiving $88,000.00 in duplicate trustee's fees pursuant to 11 U.S.C. § 326. The Court holds that Bird, as trustee, breached his fiduciary duty in the performance of his position as trustee of the Debtor Corporations' estates and committed fraud upon the Debtor Corporations' estates and the Court by paying himself or the Rose Law Firm $41,527.00 on October 29, 1992, a second payment of state surety bond fees from money belonging to the Debtor Corporations' estates. Bird, as trustee, knowingly and intentionally made overpayments of trustee's fees to himself or the Rose Law Firm without Court orders and breached his fiduciary duty to the Debtor Corporations' estates.

*Id.* at 257-258 (footnote omitted).

7. The court's judgment included the following:

> . . . Bird, as trustee, made false representations in his November 9, 1998, "Chapter 11 Final Report and Account and Application for Final Decree," and July 29, 1999, Final Report and Account and Application For Final Decree, by failing to disclose overpayments of trustee's fees to himself or the Rose Law Firm. The Court further holds that the Trustee breached his fiduciary duty by avoiding to timely disclose to Shaffer, as an equity security holder and a party in interest, an accounting and supporting documents as to all of his or the Rose Law Firm's trustee's fees and an 11 U.S.C. § 326 calculation upon which entitlement of trustee's fees are determined.

*Id.* at 258 (footnotes omitted).

8. In the June 22, 2001, order the court held:

>Because of the fraud committed by Bird, as trustee, in the performance of his administration of the Debtor Corporations' estates by intentionally overpaying himself or the Rose Law Firm the $88,000.00 in duplicate § 326 trustee fees and $41,527.00 as a second payment of state regulator fees, which were paid out of the money of the Debtor Corporations' estates, the Court finds that Bird's § 326 trustee fee in the amount of $228,177.17 should be disgorged in its entirety.

*Id.* at 258.

9. On August 29, 2003, the United States Bankruptcy Court for the Western District of Arkansas entered a judgment against Allen W. Bird for $199,979.26 pursuant to the court's June 22, 2001, order.

10. On September 28, 2011, the Circuit Court of Washington County, Arkansas, in Case No. CV-11-1863, revived the bankruptcy court's August 29, 2003, judgment.

11. Since the rendition of the August 29, 2003, judgment, the defendant has not paid any money pursuant to said judgment.

Based upon the undisputed facts shown above, the plaintiff has requested summary judgment on the issue of fraud or defalcation while acting in a fiduciary capacity under the statutory authority of 11 U.S.C. § 523(a)(4).

In response, Bird suggests that the amounts the court found that he had improperly received – $88,000.00 in duplicate trustee's fees and $41,527.00 as a second payment of state regulator fees – were repaid to the debtor's estate when the order and judgment were entered. In Bird's view, it is those funds, if they had not been repaid, that would be subject to a judgment for non-dischargeability. In his view, the funds which represent the judgment consist of fees earned by Bird as the Chapter 7 trustee in the *NWFX, Inc.*, matter that were not the result of fraud, defalcation or breach of fiduciary duty. The court stated: "[P]rior to trial, Bird disclosed the overpayments that were made, and repaid that amount to the estate, with interest." 267 B.R. at 252.

It is clear from the findings made in the memorandum opinion and the supplemental order entered on June 22, 2001, and found at pp. 256 through 259 of the opinion at 267 B.R. 118, that Bird breached his fiduciary duty in several respects but the NWFX estate was not damaged by the breaches.

Specifically, the court found breaches in Bird's failure to obtain orders before selling property of the debtor corporations' estates and before paying a $10,000 bonus to retain the services of Penny Scharmberg, but the court found no damages because the trustee had exercised reasonable business judgment. The court also found that Bird breached his fiduciary duty by making payments to his law firm and to accountant Victoria Mason without court orders authorizing such payments, but the estates were not damaged because the legal and accounting services were necessary, the debtor estates were benefitted and not damaged, and Bird paid reasonable compensation.

The court additionally found that Bird, as trustee, breached his fiduciary duty in the performance of his position as trustee and committed fraud upon the debtor corporations' estates

and the court by making application on June 25, 1992, obtaining an order on July 27, 1992, and receiving $88,000.00 in duplicate trustee fees; and by paying himself or the Rose Law Firm $41,527.00 on October 29, 1992, a second payment of state surety bond fees for money belonging to the debtor corporations' estates. On that issue, the court found that Bird, as trustee, knowingly and intentionally made overpayments of trustee's fees to himself or the Rose Law Firm without court orders, and breached his fiduciary duty to the debtor corporations' estates. 267 B.R. at 258.

The court also held that Bird, as trustee, made false representations in the Chapter 11 final reports and accounts and applications for final decree filed on November 9, 1998, and July 29, 1999, by failing to disclose overpayments of trustee's fees to himself or the Rose Law Firm. Additionally, he breached his fiduciary duty by avoiding to timely disclose to Shaffer, as an equity security holder and a party in interest, an accounting and supporting documents as to all of his or the Rose Law Firm's trustee fees and an 11 U.S.C. § 326 calculation upon which entitlement of trustee's fees are determined. *Id.*

The bankruptcy court stated:

> Because of the fraud committed by Bird, as trustee, in the performance of his administration of the Debtor Corporations' estates by intentionally overpaying himself or the Rose Law Firm the $88,000.00 in duplicate § 326 trustee fees and $41,527.00 as a second payment of state regulator fees, which were paid out of the money of the Debtor Corporations' estates, the Court finds that Bird's § 326 trustee fee in the amount of $228,177.17 should be disgorged in its entirety.

*Id.* at 258, ¶ 16.

The court then ordered that the amount Bird had been paid, $199,979.26 after repayment of the duplicate fees, should be reimbursed by Bird to the debtor corporations' estates and the court enter judgment against Allen W. Bird II, in the amount of $199,979.26. *Id.* at 259.

## III.  DISCUSSION

The complaint in this case suggests that the obligation owed by Bird to the plaintiff should be found to be non-dischargeable as a result of fraud and defalcation. In the Joint Preliminary Pretrial Statement, Fil. #19, the plaintiff's position is that the judgment debt Bird owes to Shaffer from a judgment entered by the U.S. Bankruptcy Court on August 29, 2003, is non-dischargeable under 11 U.S.C. § 523(a)(4) because it is a debt arising from Bird's defalcation which includes fraudulent acts while acting in a fiduciary capacity of a Chapter 11 bankruptcy trustee. The Supreme Court of the United States in *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754 (2013), discussed fraud and defalcation while acting in a fiduciary capacity. It cited numerous court cases which attempted to define defalcation, frequently finding it to mean failure to fully account for money received in trust or misappropriation. The Court cited *Neal v. Clark*, 95 U.S. 704 (1878), a case interpreting the word "fraud" and the predecessor to § 523(a)(4). That case determined that "fraud" referred to in that section means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement. *Id.* at 709.

In *Bullock v. BankChampaign*, the Supreme Court determined that the statutory term "defalcation" should be treated similarly. Thus, where the conduct at issue does not involve bad faith, moral turpitude or other immoral conduct, the term requires an intentional wrong. The Court

included as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent.

In the *NWFX* case, as discussed above, the bankruptcy court found intentional fraud and misrepresentation by Bird. Although neither the memorandum opinion nor the supplemental order uses the term "defalcation," the activities for which Bird was ordered to reimburse the estates fit into the various definitions cited by the *Bullock* court for defalcation.

The bankruptcy court specifically found intentional fraud and misrepresentation. The court made it clear that the judgment it was about to enter against Bird for the total of his earned fees was a result of his breach of fiduciary duty, fraud and defalcation:

> . . . [I]n the light of Bird's breach of fiduciary duty in his performance of the duties as Trustee by committing fraud on the Debtor Corporations and the Court in the overpayments in trustee fees to himself and the Rose Law Firm, the Court finds that the Trustee is not entitled to any compensation for his performance as trustee in this case. Trustees are held to high fiduciary standards of conduct. When a trustee misrepresents facts to the Court with knowledge of their falsity, denial of compensation is appropriate. . . . The Court will disgorge the trustee fees in their entirety except for the $41,527.00 that the Trustee received from the state regulators, which is not property of the estate. Because of this Court's finding of fraud committed by the Trustee on the Debtor Corporations and the Court, the Court also sets aside its order dated May 5, 1993, awarding the Trustee a $20,000.00 enhancement. The Trustee is ordered to return to the estate the sum of $199,979.26 for interim trustee fees previously paid.

267 B.R. at 220-21.

The preclusive effect of a federal-court judgment is determined by federal common law. Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id., at 748–749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–154 (1979).

Taylor, 553 U.S. at 892 (footnote omitted).

The Eighth Circuit Court of Appeals' test for whether the doctrine of res judicata bars litigation of a claim requires an examination of whether (1) a court of competent jurisdiction

rendered the prior judgment; (2) the prior judgment was a final judgment on the merits; and (3) both cases involved the same cause of action and the same parties. Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002); Jamrose v. D'Amato (In re D'Amato), 341 B.R. 1, 3 (B.A.P. 8th Cir. 2006).

Unlike most discussions of the res judicata effect in non-dischargeability proceedings of judgments by other courts, this court need not examine the pleadings and the transcript of the earlier proceeding in an effort to see if the previous judgment made findings on the elements necessary to except the debt from discharge in bankruptcy. Here, the judgment at issue was rendered by a bankruptcy court with cognizance of the elements of § 523(a)(4). In other words, a court of competent jurisdiction entered the final judgment at issue, after a trial at which both of the parties involved in this case had a full and fair opportunity to litigate the extent of Bird's fiduciary duties and whether he breached them. The court unequivocally found that Bird owed a fiduciary duty to the bankruptcy estates and he breached that duty by committing enumerated instances of fraud in the course of performing his trustee responsibilities and as an officer of the court. That decision was affirmed on appeal by the district court. The bankruptcy court's findings are tailor-made to fit right into a § 523(a)(4) analysis and they clearly establish the non-dischargeability of this debt.

## IV. CONCLUSION

The total amount required to be repaid by Bird was so required because of his breach of fiduciary duty, fraud and defalcation. Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal procedural rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); Fed. R. Bankr. P. 1001. In the present case, the judgment debt established by the court in the NWFX bankruptcy for fraud while acting in a fiduciary capacity is not dischargeable under the Bankruptcy Code. This finding resolves the adversary proceeding, leaving no reason to hold a trial. Therefore, summary judgment is appropriate and judgment of non-dischargeability shall be entered in favor of Shaffer and against Bird.

IT IS ORDERED that the Motion for Summary Judgment, Fil. #23, is granted. A separate judgment entry will be filed.

DATED: January 7, 2014

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge
for the District of Nebraska
Sitting by Designation

Notice given by the Court to:
    *Wendy R. Howerton
    Frederick S. Wetzel
    J. Brad Moore
    Charles Tucker

Movant (*) is responsible for giving notice to other parties if required by rule or statute.